101 F.3d 703
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David WILLIS, Petitioner-Appellant,
v.
Joseph BOGAN, Respondent-Appellee.
 No. 95-2257.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 David Willis appeals pro se from a district court judgment that partially granted a habeas corpus petition which he had filed under 28 U.S.C. § 2241. The appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1984, Willis was sentenced to a term of ten years of imprisonment and a special parole term of three years, after being convicted of distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). Willis was paroled in 1989, but his parole was revoked in 1994, in part because he had pleaded guilty in state court to the attempted possession of burglary tools.
 
 
 3
 Willis raised six claims in his petition: 1) there was insufficient evidence to support the Parole Commission's finding that he possessed heroin for intended distribution; 2) he did not receive adequate notice that sentencing credit could be denied for the time he had spent on parole ("street time"); 3) the forfeiture of street time was not mandatory; 4) the forfeiture of his street time was improper; 5) his federal sentence had expired when parole was revoked; and 6) he was not notified of the Parole Commission's findings regarding the possible termination of his parole.
 
 
 4
 On September 20, 1995, the district court adopted a magistrate judge's recommendation and remanded the case to the Parole Commission for recalculation of Willis's sentencing range as well as a discretionary determination as to whether his street time should be forfeited. Willis's motion for reconsideration was denied on October 17, 1995, and he now appeals.
 
 
 5
 Willis's appeal focuses exclusively on the district court's failure to address the merits of his second claim. He has, therefore, abandoned his other claims for purposes of appellate review. See Wright v. Holbrook, 794 F.2d 1152, 1157 (6th Cir.1986).
 
 
 6
 Willis had a liberty interest in his parole that entitled him to the protections of due process. See Morrissey v. Brewer, 408 U.S. 471, 485-88 (1972). He now argues that he was denied due process because he did not receive adequate notice regarding the actions that might be taken by the Parole Commission, as required by former 18 U.S.C. § 4213(c)(3). Willis concedes that he was notified several months before his revocation hearing that his street time would be subject to forfeiture upon revocation, but he argues that this notice was inadequate because it was not received until after he had entered a guilty plea to state charges of attempting to possess burglary tools.
 
 
 7
 Willis's argument is refuted by former 18 U.S.C. § 4213(b), which allows the Parole Commission to suspend issuance of the warrant or summons that contains the disputed notice, pending disposition of state charges that may provide grounds for revocation. Moreover, Willis received adequate notice prior to his revocation hearing, and it is clear that he is now aware that the Parole Commission may deny sentencing credit for his street time when it considers his case on remand. See Camacho v. White, 918 F.2d 74, 77 (9th Cir.1990); D'Amato v. United States Parole Comm'n, 837 F.2d 72, 77-78 (2d Cir.1988).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.